**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTIAN J. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-CV-298-TCK-FHM |
| | ) | |
| CENDANT CORPORATION and | ) | |
| AVIS GROUP HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are the following motions: Defendants' Objections and Motion to Strike Plaintiff's Summary Judgment Evidence (Docket No. 97); Defendants' Objections and Motion to Strike the Appendix of Exhibits in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment (Docket. No. 112); Defendants' Objections and Motion to Strike Plaintiff's Summary Judgment Evidence in Support of Reply (Docket No. 137); Plaintiff's Objections to the Declarations of Ms. Michelle Schira and Motion to Strike (Docket No. 116); Plaintiff's Objections to the Declaration of Brian Jeppesen and Motion to Strike (Docket No. 117); and Plaintiff's Objections to the Declaration of Beth Moorhouse and Motion To Strike (Docket No. 119).

**I.    Standard for Summary Judgment Evidence**

At the summary judgment stage, affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 n. 11 (10th Cir.1992). "In opposing a motion for summary judgment, the nonmovant must make a showing that, 'if reduced to admissible evidence,'

1

[the evidence] would be sufficient to carry the nonmovant's burden of proof at trial." *Id.* (citation omitted). The nonmoving party need not produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. *Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). For example, hearsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill." *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir.1998). Furthermore, "generalized, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment." *Thomas v. Int'l Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995) (quoting *Stevens v. Barnard*, 512 F.2d 876, 879 (10th Cir.1975)).

**II.   Defendants' Motions to Strike Summary Judgment Evidence (Docket Nos. 97, 112, and 137)**

In Docket Numbers 97 and 112, Defendants object to the affidavits[1] of Plaintiff, Harold Randall Buckwalter ("Buckwalter"), Eric Stephens ("Stephens"), and Lisa Anderson ("Anderson"). Defendants argue that these affidavits are not based on personal knowledge, contain inadmissible legal and/or conclusory opinions, contain speculation, constitute unreliable expert opinions, and fail to show that the parties are competent to testify as to the matters stated in the affidavits, all in violation of FED. R. CIV. P. 56(e). Further, Defendants object to Exhibits A-1, A-3, A-4, A-5, B, E, F, G, J-1, L, M, N, and Q on the grounds that the documents are unauthenticated or contain hearsay. In Docket Number 137, Defendants reassert their objection, and further object to additional exhibits

---

[1] For purposes of this Order, the terms affidavit and declaration are used interchangeably.

submitted with Plaintiff's Reply to Defendants' Motion for Summary Judgment, claiming that Plaintiff submitted new arguments and additional evidence in support of the Reply, to which Defendants cannot respond. The Motions are addressed collectively.

*Original and Supplemental Declarations of Plaintiff*

Defendants move to strike Plaintiff's declarations arguing they are speculative, without foundation, unreliable expert opinions, contradictory, constitute legal conclusions, and are otherwise generally conclusory.

As to Defendants' concerns that Plaintiff's declarations offer legal conclusions including Plaintiff's claims that *Training Run* is not a "work for hire", that he is the author of *Training Run*, that *StafPlan* is not a derivative work of *Training Run*, and that *StafPlan* is an original work, these assertions are predicated upon lengthy factual foundations and are supported by the remainder of Plaintiff's affidavit. Defendants' counsel is welcome to explore with Plaintiff what Plaintiff intended by these statements should this matter go to trial and should Plaintiff take the stand. For purposes of summary judgment, however, the declarations are sufficient to meet the standard for admissible summary judgment evidence. As to the remainder of the statements in the original affidavit, the majority of which Defendants object to, the Court finds nothing that would prohibit this evidence from being admitted at trial and is therefore acceptable summary judgment evidence.

As to Defendants' objections to the statements in the Plaintiff's Supplemental Declaration, the Court finds Defendants' arguments meritless. Defendants' complaint that they were caught unawares by Plaintiff's performance of an abstraction-filtration test is implausible. Defendants have always maintained that the abstraction-filtration test is the proper test and that Plaintiff misapplies the alternative, virtual identity test. Thus, it is no surprise that Plaintiff and his expert performed

the abstraction-filtration test. Additionally, Defendants' arguments for striking Plaintiff's testimony regarding the virtual identity because the comparison is irrelevant and because Plaintiff misapplies the test are not grounds to strike Plaintiff's declarations. Misapplication of the test is a matter for legal argument that has been best addressed in the Motions for Summary Judgment. Assertions by Plaintiff as to the results of the application of the virtual identity test are likewise not grounds for striking all or a portion of an affidavit. As to whether Plaintiff's comparison is relevant, the Court finds that it is. If it is true, as Plaintiff contends, that every version of *Christal Ball* contains an unauthorized, unlicensed copy of *StafPlan,* it is irrelevant which version of *Christal Ball* was used for the comparison.

Thus, the Court DENIES Defendants' Objections to the Original and Supplemental Declarations of Plaintiff.

*Declaration of Lisa Anderson*

Defendants move to strike Anderson's testimony regarding the method of operation and functionality of *StafPlan* and *Christal Ball* as irrelevant in a lawsuit for copyright infringement.[2] Again, Defendants' contentions on this point are matter for legal argument such as can be found in the Motions on Summary Judgment and are not grounds of striking all or a portion of an affidavit.

Thus, the Court DENIES Defendants' Objections to the Declaration of Lisa Anderson.

*Supplemental Damage Report and Declarations of Eric Stephens*

The Court reserves ruling on this issue until it has ruled on Defendant's Motion to Exclude

---

[2]Defendants also argue Anderson lacks the foundation to make the statements she does in her declaration. The Court has already ruled that Anderson is an expert qualified to testify in this matter. For the reasons set forth in the Order on same (Docket No. 204), the Court declines to discuss this argument further.

Eric Stephens as Expert Witness (Docket No. 138).

*Original and Supplemental Buckwalter Declarations*

Defendants move to strike Buckwalter's declarations, arguing they are speculative and without foundation, contain unreliable expert opinions, and are contradictory and conclusory. Defendants make no compelling argument that Buckwalter's declarations are not admissible at trial. Where the evidence is contradictory, the Court is certainly capable of taking that into consideration when construing the evidence in the light most favorable to the non-moving party.

Where the evidence appears to be expert opinion, the Court is likewise perfectly capable of determining what basis Buckwalter has for making the statements he makes. It cannot be said that, as a matter of law, Buckwalter's declaration is inadmissible at the summary judgment stage. Buckwalter's lay opinion about what *Christal Ball* had to offer Defendants or what was unique about the program is no different than Defendants' witnesses testifying about whether *Christal Ball*'s ability to improve upon the call-abandonment rate affected Defendants' revenues. (*See, e.g.*, Defendants' Motion for Summ. J. Exs. C, D.) In general, many of Plaintiff's and Defendants' witnesses are testifying from knowledge gained in their employment with Defendants and from working with Plaintiff and Plaintiff's software. That testimony constitutes admissible opinion testimony. *See* FED. R. EVID. 701 (permitting opinion testimony that is rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702).

Thus, the Court DENIES, Defendants' Objections to the Declaration of Randall Buckwalter and Motion to Strike.

*Exhibits A-1, A-3, A-4, A-5, B, E, F, G, J-1, L, M, N, and Q*

Defendants object to Exhibits A-1, A-3, A-4, A-5, B, E, F, G, J-1, L, M, N, and Q stating only that they are "unidentified and unauthenticated. Defendants further object that such documents are hearsay and Plaintiff has not established the applicability of any exception." (Defs.' Obj.'s and Mtn. to Strike Pl.'s Summ. J. Evidence p. 10.)   These objections do not meet Defendants' burden to show that these exhibits would, in no format, be admissible at trial.  *See Campbell*, 962 F.2d at 1526 n. 11 (10th Cir.1992) ("In opposing a motion for summary judgment, the nonmovant must make a showing that, 'if reduced to admissible evidence,' would be sufficient to carry the nonmovant's burden of proof at trial.") ( citation omitted).

### III.     Plaintiff's Motions to Strike Declarations (Docket Nos. 116, 117, and 119)

*Beth Moorhouse Declaration*

Plaintiff moves to strike the declaration of Beth Moorhouse ("Moorhouse"), Plaintiff's supervisor while employed with Defendants from 1998-1999, claiming it impeaches or contradicts her prior deposition testimony, is irrelevant, and contains speculative, conclusory and hearsay statements, and is not based on personal knowledge.  Plaintiff makes no compelling argument that this evidence is not admissible at trial.  Where the evidence is contradictory, the Court is certainly capable of taking that into consideration when construing the evidence in the light most favorable to the non-moving party.  Thus, the Court DENIES Plaintiff's Objections to the Declaration of Beth Moorhouse and Motion to Strike.

*Michelle Schira Borboa Declaration*

Plaintiff moves to strike the declaration of Michelle Schira Borboa ("Borboa"), Plaintiff's supervisor while employed with Defendants from 2000-2002, claiming it impeaches or contradicts

her prior deposition testimony, contains speculative, conclusory and hearsay statements, and is not based on first hand knowledge. Plaintiff makes no compelling argument that this evidence is not admissible at trial. Where the evidence is contradictory or constitutes speculation, the Court is certainly capable of taking in that into consideration when construing the evidence in the light most favorable tot he non-moving party. Thus, the Court DENIES Plaintiff's Objections to the Declaration of Ms. Michelle Schira and Motion to Strike.

### *Brian Jeppesen Declaration*

Plaintiff moves to strike the declaration of Brian Jeppesen ("Jeppesen"), a former co-worker of Plaintiff when Plaintiff was employed with Holiday Inn. Plaintiff's request is based on his allegation that the creation date of the Holiday Inn software is September 17, 1997. Because Plaintiff left the employ of Holiday Inn in 1996, Plaintiff argues that the statements in the affidavit of Jeppesen are false and must therefore be stricken. Defendants, however, claim that Plaintiff identified the same version of the software in the discovery phase as the software Plaintiff used while he was working at Holiday Inn. Plaintiff does not respond, and likewise offers no legal basis for his argument that the Jeppesen affidavit should be stricken. In light of the fact that there are disputed issues of fact surrounding the Jeppesen declaration, Plaintiff's Objections and Motion to Strike Declaration of Brian Jeppesen is DENIED.

### **IV.   Conclusion**

Defendants' Objections and Motion to Strike Plaintiff's Summary Judgment Evidence (Docket No. 97), Defendants' Objections and Motion to Strike The Appendix of Exhibits in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment (Docket. No. 112), and Defendants' Objections and Motion to Strike Plaintiff's Summary Judgment Evidence in Support

of Reply (Docket No. 137) are DENIED IN PART but for the reserved ruling as to the declarations and supplemental report by Eric Stephens. Plaintiff's Objections to the Declarations of Ms. Michelle Schira and Motion to Strike (Docket No. 116), Plaintiff's Objections to the Declaration of Brian Jeppesen and Motion to Strike (Docket No. 117), and Plaintiff's Objections to the Declaration of Beth Moorhouse and Motion To Strike (Docket No. 119) are DENIED.

The parties are Ordered to amend their Pretrial Order accordingly.

ORDERED this 5th day of April, 2006

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE