**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRISTIAN J. WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03-CV-298-TCK-FHM |
| | ) |
| CENDANT CORPORATION and | ) |
| AVIS GROUP HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Sanctions for Defendants' Continued Discovery Abuse (Docket No. 224).

**BACKGROUND**

Plaintiff moves to sanction Defendants pursuant to FED. R. CIV. P. 37(c)((1) by striking the testimony of defense witness, Michelle Borboa ("Borboa")[1] in its entirety or whatever sanction the Court deems just and reasonable under the circumstances. Plaintiff so moved, after Defendants produced documents regarding Plaintiff's employment on the third day of trial.

Specifically, on Monday, April 24, 2006, Defendants, via facsimile, produced hand-written notes of Borboa to Plaintiff's counsel. The documents were on Borboa's letterhead and relate to Plaintiff and his employment with Defendants. The documents reference a negative performance review and a severance package. Defendants transmitted these documents to Plaintiff's counsel at his office in Texas, despite Plaintiff having local counsel, and Defendants knowledge that Plaintiff's Texas counsel was in Tulsa, Oklahoma due to the ongoing trial of the instant matter. In

---

[1] At the time of her employment with Defendants, Borboa was known as Michelle Schira.

1

transmitting these documents to Plaintiff, Defendants admitted that the documents appeared responsive to Plaintiff's previous discovery requests including his request for any and all documents related to the basis for Defendants' termination of Plaintiff and any and all documents contained in Plaintiff's employment file.[2] Defendants also informed Plaintiff's counsel that the unproduced documents were located during trial witness preparation. During discovery, Defendants responded to such requests by stating that they had "conducted reasonable searches and believe[d] that to the extent non-objectionable, non-privileged, responsive documents exist, they" had been produced. (Pl.'s Mot. for Sanctions p. 1.)   Borboa verified that Defendants' discovery responses were complete. (*Id.*)[3] For trial purposes, Borboa was identified as the defense witness who would testify regarding Plaintiff's employment and job responsibilities during his employ with Defendants. (*Id.*)  Apparently recognizing their failure, Defendants did not move to admit the late-produced documents. Defendants also offered that they would not object if Plaintiff offered the documents into evidence.

### APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 37(c)(1) provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof], or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." The automatic or self-

---

[2] At relevant times, Borboa was Plaintiff's supervisor.

[3] Borboa also testified that she served as the person responsible for coordinating the discovery responses and document production for Defendants.

executing nature of Rule 37(c)(1) reveals it was designed to "put teeth into the mandatory initial disclosure requirements added by the 1996 amendments." *See* 8A FED. PRAC. & PROC. CIV. 2d § 2289.1 (2004 & 2005 Supp.).

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

### DISCUSSION

1.   *Prejudice or Surprise to the Party against Whom the testimony is Offered*

It is clear that Plaintiff was utterly surprised by the late production of documents that are routinely (and necessarily) produced in litigation such as this. That Borboa did not timely produce the complete contents of her employment file regarding Plaintiff is perplexing. Defendants offer neither explanation nor justification for this failure. In any event, the extent of the surprise or prejudice suffered by Plaintiff is difficult to determine as Plaintiff was deprived of the opportunity to pursue this evidence. This factor weighs in favor of sanctioning Defendants for the reason that Defendants' actions disrupted and compromised Plaintiff's trial preparation by springing these documents on him and his counsel during trial.

2.   *Ability of the Party to Cure the Prejudice*

When a document is produced *during* trial there is little doubt that the prejudice is generally incurable, as, at that point in the litigation, there is no time for depositions or discovery regarding

recently discovered evidence. Again this factor weighs in favor of granting Plaintiff's Motion.

      3. *Extent to which Introducing such Testimony would Disrupt the Trial*

Neither Defendants nor Plaintiff opted to move for the admission of the newly found evidence. However, there was delay caused by the discussion and presentation of the sanctions motion. Furthermore, the Court had to take time to determine what, if any, immediate sanction it would impose upon Defendants. Although overall the delay may have been slight, Defendants failure to timely produce Borboa's notes delayed the trial and distracted the focus of the Court.

      4. *Moving Party's Bad Faith or Willfulness*

Defendants' bad faith in failing to produce the documents is indicated by: 1) Defendants' lackadaisical efforts to get the documents to Plaintiff's counsel even when the documents were finally discovered, *i.e.* Defendants' failure to produce the documents to Plaintiff's counsel until three days after they were found and then sending them to Plaintiff's counsel in Texas rather than local counsel's office; and 2) the Court's previous sanctions upon Defendants' for earlier failures to produce. (*See* Docket No. 190 sanctioning Defendants for similar failure to timely produce documents.)

**APPROPRIATE SANCTION**

Based on the above analysis, the Court finds sanctions are appropriate. The following sanctions are available under Rule 37(c)(1):

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. *In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure,* these sanctions may include any of the actions authorized under Rule

>    37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

(*Id.*)

Rule 37(b)(2)(a),(B), and (C) provide:

>    2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
>    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
>    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(*Id.*) The determination of what is an "appropriate" sanction under the circumstances is a matter within the Court's discretion. *Robinson v. Audi NSU Auto Union*, 739 F.2d 1481, 1483 (10th Cir. 1984) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

When this matter was brought to the Court's attention during trial, the Court noted that it would consider sanctions but that it did not consider striking the testimony of Borboa to be the appropriate sanction. However, the Court finds Rule 37(c)(1)'s provision for "other appropriate sanctions" is applicable. Because Defendants' actions can be considered neither harmless or justified and demonstrate a repeated pattern of discovery violations that at best show Defendants

5

were careless in conducting discovery and at worst indicate that they purposefully did not turn over documents that they were required to produce, the Court imposes the following sanctions.

Defendants are ordered to pay for all attorney's fees and costs from the time the unproduced documents were produced to Plaintiff through the following day of trial. This shall include not only the time spent in preparing the Motion for Sanctions and time spent preparing for Borboa's cross-examination but also all fees and costs for trial time during April 24 and 25, 2006. The Court's rationale for this sanction is that it is certain that Plaintiff's legal team spent much of their time during those two days trying to determine whether the late-produced document had any significance to Plaintiff's case and whether Plaintiff's trial strategy should somehow change. Further, Defendants shall pay all costs and attorney's fees associated with the deposition(s) of Borboa. The Court's rationale for this sanction is twofold: 1) because Defendants failed to produce these documents prior to or at the deposition(s) of Borboa, the deposition was in many ways a waste of Plaintiff's counsel's time; and 2) had the documents been timely produced or even produced prior to trial, the Court would have ordered a second deposition of Borboa at Defendants' expense.

**CONCLUSION**

Plaintiff's Motion for Sanctions for Defendants' Continued Discovery Abuse (Docket No. 224) is GRANTED.

ORDERED this 20th day of JULY, 2006.

_Terence Kern_
_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**